# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JOE NATHAN REID, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:12-cv-00206-AKK-JEO |
| | ) |
| WARDEN JOHN T. RATHMAN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The petitioner, Joe Nathan Reid, filed the current habeas corpus petition on January 19, 2012. (Doc. 1)[1]. In his petition, he challenges the loss of forty days Good Conduct Time (herein "GCT"). (*Id.*) Respondent argues the petition is due to be dismissed because petitioner has failed to exhaust his administrative remedies. (Doc. 4). This issue has been fully briefed. (*See* Docs. 2, 4, 5, 7, 8, & 9). The petition is due to be dismissed without prejudice.

## BACKGROUND

The petitioner is currently serving 170 months at FCI Talladega following his conviction for carjacking by force. (Doc. 4-1 at 1). Because of acquired GCT, his projected released date is May 29, 2012. (*Id.*) On June 30, 2011, Reid

---

[1] References herein to "Doc. ___" are to the numbers assigned each document by the Clerk of the Court.

received a discipline report for Possessing A Dangerous Weapon, code 104. (*Id.* at 6). At the July 11, 2011 hearing before the Discipline Hearing Officer, Reid was sanctioned to, among other things, disallowance of 40 days GCT. (*Id.*) Reid's October 28, 2011 Regional Office Administrative Appeal was denied on December 13, 2011. (Doc. 4-1 at 10). On January 18, 2012, Reid filed an appeal with the Central Office (Appeal Number 662484-A1). (Ex. B).[2] The time to answer that appeal has been extended from February 27, 2012, to March 18, 2012. (*Id.*) On January 19, 2012, while that appeal was pending, the petitioner filed the present habeas corpus petition.

## DISCUSSION

A threshold issue to be resolved in federal habeas cases is whether the petitioner has exhausted all administrative remedies prior to filing a § 2241 petition. *Martin v. Zenk*, 244 Fed. App'x. 974, 977 (11th Cir. 2007) (citing *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam)). Exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam). An application for writ of habeas corpus will not be considered unless the applicant has exhausted

---

[2] References herein "Ex.____" are to the exhibits attached to the petitioner's Response in Opposition (Doc. 8).

available remedies. *Martin v. Zenk*, 244 Fed. App'x. at 977.

The Bureau of Prisons' Administrative Remedy Program for prisoners is laid out in 28 C.F.R. § 542.10 *et seq*. There is a three-step process for administrative remedies. However, first, the petitioner must attempt to resolve the complaint through informal resolution in a manner established by the Warden. *Id.* at § 542.13. If informal resolution does not resolve the complaint, the petitioner may then file a formal complaint with the Warden of the facility in which the inmate is confined. *Id*. at § 542.14. If the petitioner is not satisfied with the response received, the petitioner may appeal to the Regional Director. *Id*. at § 542.15. If the petitioner is unsatisfied with that response, he may then appeal to the General Counsel. *Id*. "Appeal to the General Counsel is the final administrative appeal." *Id.* at § 542.15(a).

Thus, it is only when the General Counsel has answered the petitioner's appeal that he will be deemed to have fulfilled the administrative exhaustion requirements. In the present case, the petitioner's appeal to the General Counsel is still pending. Because he has not exhausted his administrative remedies, this court does not have jurisdiction over his habeas corpus petition.

The petitioner seems to argue that the court should consider the fact that his

presumptive release date is approaching and, accordingly, find that he has met the exhaustion requirements. However, regardless of the petitioner's release date, the petitioner must still exhaust his administrative remedies. *See Gonzalez*, 959 F.2d at 211. The petitioner also argues that because the Bureau of Prisons has held administrative remedies beyond the due date in the past, it should be deemed to be delaying in the present case. This argument is premature because here the Bureau of Prisons has not surpassed the statutory time limit. Once per appeal, the Central Office is permitted to extend the response's due date by 20 days. 28 C.F.R. § 542.18. This is exactly what the Bureau of Prisons has done here.

As discussed above, it is clear that the petitioner has not exhausted his administrative remedies. Further, petitioner fails to offer a compelling reason to waive that requirement. Accordingly, because this court lacks jurisdiction over this petition, it is due to be dismissed without prejudice.

## CONCLUSION

In accord with the foregoing, the court finds that the petition for a writ of habeas corpus is due to be dismissed without prejudice to permit the petitioner to exhaust his available administrative remedies.

The Clerk is **DIRECTED** to serve a copy of this Memorandum Opinion

upon the petitioner and counsel for the respondent.

**DONE** the 14th day of March, 2012.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE